Mathas BROWN, Plaintiff-Appellee,

v.

Carol COCHRAN, the personal representative for the estate of Ron Cochran, in his individual capacity, Defendant-Appellant.

No. 96-4519.

United States Court of Appeals,

Eleventh Circuit.

April 8, 1999.

Appeal from the United States District Court for the Southern District of Florida. (No. 87-6936-Civ-Moore), K. Michael Moore, Judge.

Before ANDERSON, DUBINA and BLACK, Circuit Judges.

DUBINA, Circuit Judge:

Plaintiff-Appellee Mathas Brown ("Brown") filed a complaint against the City of Fort Lauderdale, Florida ("City"), Constance Hoffman ("Hoffman"), individually and in her official capacity as city manager, and Ron Cochran ("Cochran")[1], individually and in his official capacity as police chief, alleging racial discrimination under 42 U.S.C. §§ 1981 and 1983. Brown alleged that Cochran fired him from his position as a police officer for the City because he is black. The district court in two separate orders dismissed all of Brown's claims on a motion to dismiss. Specifically, the district court dismissed the § 1983 claims against Cochran and Hoffman finding that these defendants were entitled to qualified immunity because Brown failed to allege facts demonstrating that the constitutional right allegedly infringed was clearly established at the time of their conduct or that these defendants knew or should have known that their conduct violated a constitutional norm. On appeal, we vacated and remanded the case on the § 1983 claims holding, among other things, that the district court erred in concluding that Hoffman and Cochran were entitled to qualified

_____

[1]During the pendency of this litigation Ron Cochran died. His widow, Carol Cochran, as personal representative for the estate of Ron Cochran, is substituted as a party defendant pursuant to Rule 25(a) of the *Federal Rules of Civil Procedure.* Accordingly, the case is now referred to as *Brown v. Carol Cochran.*

immunity because Brown's right to be free from a racially motivated discharge unquestionably was clearly established before his termination, and because factual questions remained concerning whether the decision to fire him was racially motivated. *See Brown v. City of Fort Lauderdale,* 923 F.2d 1474, 1482 (11th Cir.1991) ("*Brown I*").

After we remanded the case, the district court permitted additional discovery. Subsequently, the City, Hoffman and Cochran filed a motion for summary judgment, supported by evidence relating to Brown's poor job performance. Specifically, the defendants submitted evidence of Brown's unsatisfactory work performance ratings, and evidence that Brown needed to receive writing instruction. The district court granted Hoffman's motion for summary judgment based on qualified immunity, denied Cochran's motion for summary judgment, and dismissed Brown's procedural due process claim. After a second appeal, we vacated the district court's order and remanded the case due to the district court's failure to provide Brown with notice before granting summary judgment. *See Brown v. City of Fort Lauderdale,* 29 F.3d 639 (11th Cir.1994) (table decision) ("*Brown II*").

After we remanded the case, the district court gave summary judgment notice and again granted Hoffman's motion for summary judgment based on qualified immunity but denied Cochran's summary judgment motion, finding that Brown met his burden of showing that there were facts sufficient to support an inference that Cochran intentionally discriminated against him. The district court also dismissed Brown's due process claim. Cochran then perfected this appeal. We disagree with the district court's analysis and reverse its order.

FACTS

Brown was an officer on the Fort Lauderdale Police Force from 1981 until 1986. Cochran was chief of police for the City of Fort Lauderdale from April 1983 until July 10, 1987. As chief of police, Cochran had the discretionary authority to recommend to the city manager the dismissal or suspension of a police officer.

2

In a letter dated June 19, 1986, Cochran states that he recommended Brown's dismissal because of deficiencies in performance and/or conduct. Cochran's letter notes the following about Brown's performance: (1) Brown's performance rating between 1981 and November 1985 was "overall satisfactory" in the employee performance rating reports; (2) in his November 1985 rating report, Brown's performance rating was "marginal" with less than satisfactory ratings in 12 of 16 categories; (3) in Brown's November 1985 rating report, specific deficiencies noted included quality of work, attendance, and self-expression; (4) a follow-up report conducted 90 days after the November 1985 evaluation again rated Brown as unsatisfactory; (5) Brown's attendance at a required report improvement course was erratic; and (6) Brown had a disciplinary record containing two written reprimands. Cochran recommended that Brown be terminated and in July 1986, Hoffman approved the recommendation.

Brown alleges that Cochran dismissed him because of his race and not because of his poor work performance. Brown contests many of the incidents discussed in Cochran's termination letter and argues that Cochran portrayed Brown unfairly in the reports.

Brown points out that Cochran's termination letter claimed that Brown was reevaluated within 90 days of his November 1985 rating report. Brown indicates that Cochran did not follow the procedures set forth in the collective bargaining agreement between the City and the union representing the City's police officers, which required the City to reevaluate within 90 days from the date of the report an employee who received a marginal or unsatisfactory overall rating. Rather than reevaluate Brown within 90 days, Cochran unilaterally extended the reevaluation period for four months and ordered Brown to attend a report improvement course. Cochran contends that had he conducted the evaluation within 90 days, he would have immediately terminated Brown because, in that time frame, Brown would not have had the chance to improve his writing skills, which were necessary in order to remain employed as a police officer.

Brown also points out that the termination letter noted that he had received a poor attendance rating at the report improvement course. Brown claims that he had a valid medical reason for not attending all the

classes, but Cochran refused to excuse Brown from the course and Brown was disciplined for the classes that he missed. Brown alleges that white officers were allowed to miss work due to injuries and provides a list of other officers who missed work because of injuries but had no disciplinary action taken against them. Cochran alleges that there is no evidence of disparate treatment and Brown's attendance at the course was his last chance to show improvement.

DISCUSSION

We first note that we have jurisdiction over this appeal. *See Mitchell v. Forsyth,* 472 U.S. 511, 528, 105 S.Ct. 2806, 2818, 86 L.Ed.2d 411 (1985); *Cottrell v. Caldwell,* 85 F.3d 1480, 1484-85 (11th Cir.1996). In *Behrens v. Pelletier,* the Supreme Court clarified that an order denying a defendant qualified immunity is immediately appealable despite controverted issues of fact, except where the only disputed issue is whether the evidence could support a finding that particular conduct occurred. 516 U.S. 299, 312, 116 S.Ct. 834, 842, 133 L.Ed.2d 773 (1996).

The question of qualified immunity rests on whether the law is "clearly established" and whether the facts alleged violate that law. The plaintiff bears the burden of demonstrating that the defendant violated clearly established law. *See Jordan v. Doe,* 38 F.3d 1559, 1565 (11th Cir.1994). Whether the facts alleged violate clearly established law is a purely legal question. However, if the district court denies summary judgment in a qualified immunity case based on its resolution of a fact-related dispute—such as whether the evidence is sufficient to show a genuine issue of fact for trial—the order is not an immediately appealable final decision. *See Johnson v. Jones,* 515 U.S. 304, 311-12, 115 S.Ct. 2151, 2155-56, 132 L.Ed.2d 238 (1995).

In *Siegert v. Gilley,* the Supreme Court set forth the analytical framework for determining whether a plaintiff's allegations are sufficient to overcome a defendant's summary judgment motion predicated on qualified immunity. 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). *Siegert* stated that a court must first decide whether the plaintiff has presented a violation of a constitutional or statutory right. *See Siegert,*

500 U.S. at 231, 111 S.Ct. 1789. However, this is not an absolute rule. The Supreme Court only suggests that first deciding whether the plaintiff has established a deprivation of a constitutional right at all is the "better approach." *County of Sacramento v. Lewis,* 523 U.S. 833, 118 S.Ct. 1708, 1714 n. 5, 140 L.Ed.2d 1043 (1998). If there is a deprivation, the court must then determine whether the defendant's conduct was objectively reasonable in light of the constitutional or statutory right. *See Anderson v. Creighton,* 483 U.S. 635, 638, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). In deciding whether the defendant's conduct was objectively reasonable or not, the court must resolve all factual disputes in favor of the plaintiff. *See Johnson v. Jones,* 515 U.S. at 317-20, 115 S.Ct. 2151. If the court determines that the "the only conclusion a rational jury could reach is that reasonable officers would disagree about the legality of the defendant['s] conduct under the circumstances, summary judgment for the [defendant] is appropriate." *Lennon v. Miller,* 66 F.3d 416, 421 (2nd Cir.1995); *see also Mt. Healthy City Bd. of Educ. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977), *superceded by statute as stated in Rivera v. United States,* 924 F.2d 948 (9th Cir.1991). The plaintiff must present specific, nonconclusory factual allegations that establish improper motive and must identify affirmative evidence from which a jury could find that the plaintiff has carried his or her burden of proving the improper motive. *See Crawford-El v. Britton,* 523 U.S. 574, 118 S.Ct. 1584, 1596-98, 140 L.Ed.2d 759 (1998).

In *Brown I,* we stated that the law prohibiting racial discrimination was clearly established. 923 F.2d at 1482; *see e.g., Washington v. Davis,* 426 U.S. 229, 239-41, 96 S.Ct. 2040, 2047-48, 48 L.Ed.2d 597 (1976). While the general proposition that it is illegal to discriminate against a person on the basis of race is clearly established, whether the defendant violated clearly established law depends on the particular facts of each case. The district court, mistaken in its belief that our previous opinion bound it to examine only the undisputed facts set out at the pleadings stage, did not analyze the expanded fact-based record at the summary judgment stage.

We also stated in *Brown I* that Brown's complaint permitted the inference that Cochran had knowledge of the racial implications of the various incidents cited by Brown and that he also acted with racial animus. 923 F.2d at 1479. The expanded fact-based record though, does not sufficiently support an inference of racial animus on Cochran's part. But even if Brown showed that racial animus was a "motivating factor" in the adverse employment decision, Cochran would still prevail by showing that he would have reached the same decision in the absence of any racial animus. *See Mt. Healthy,* 429 U.S. at 287, 97 S.Ct. 568.

We follow the "better approach," and address first whether or not Brown has established a deprivation of a constitutional right at all. *County of Sacramento,* 523 U.S. 833, 118 S.Ct. at 1714 n. 5. The material facts in this summary judgment record are not in dispute. The dispute lies in whether a reasonably objective trier of fact could find racial animus on Cochran's part in light of all the facts. In other words, the issue is whether or not Brown has created a genuine issue of fact that Cochran acted out of racial animus and that Cochran's proffered reason (Brown's poor performance record) was merely a pretext for discrimination. After reviewing the record, we are persuaded that Brown has not created a genuine issue of fact in this regard, and that a trier of fact would find Cochran's actions objectively reasonable. Therefore we conclude that Brown has failed to establish a deprivation of a constitutional right at all, and *a fortiori* has not established a violation of any clearly-established constitutional right.

Accordingly, we reverse the district court's order denying summary judgment to Cochran, and remand this case with directions that the court enter summary judgment in favor of Cochran.

REVERSED and REMANDED.